**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PHILLIP SCOTT BRACAGLIA, et al.,

Plaintiffs

v.

PARMINDER SINGH, et al.,

Defendants

Case No.: 2:25-cv-01531-APG-MDC

**Order Granting Defendants' Motion for Partial Summary Judgment on Claims 3 and 5**

[**ECF No. 29**]

Phillip Bracaglia and Samantha Bracaglia, on behalf of the minor E.B., sue Quick Transfer Ltd. (Quick Transfer) and its employee Parminder Singh for injuries Phillip and E.B. sustained in a 2023 car accident involving Singh and the Bracaglias. ECF No. 1-1 at 4. The Bracaglias allege that while Singh was operating a semi-truck, he made an unsafe lane change and collided with the Bracaglias' vehicle, causing Phillip and E.B. to incur personal and property damage. *Id.* at 4–5. The Bracaglias bring five causes of action: (1) negligence; (2) negligence per se; (3) negligent training, hiring, retention, and supervision (negligent hiring); (4) vicarious liability; and (5) negligent entrustment. ECF No. 1-1 at 5–10.

The defendants move for partial summary judgment on the negligent hiring and negligent entrustment claims. Quick Transfer and Singh argue that these claims "rest entirely on the alleged negligence of Mr. Singh," and thus are redundant to the Bracaglias' vicarious liability claims in view of Quick Transfer's concession that "Mr. Singh was driving in the course and scope of his employment at the time of the accident." ECF No. 29 at 9; *see* ECF No. 19 at 2. The defendants reason that "if the jury finds Mr. Singh was at fault for this accident, Quick Transfer would necessarily be liable" under a vicarious liability theory, and thus claims 3 and 5 would not result in any additional damages for the Bracaglias because a double recovery for the same injury

is impermissible under Nevada law. ECF No. 29 at 4, 9–10. The Bracaglias respond that Nevada has not adopted the majority rule that would render claims 3 and 5 superfluous, and that the state would be unlikely to do so in the future.

I grant the defendants' motion for summary judgment as to claims 3 and 5 of the complaint. Although the Supreme Court of Nevada has not expressly adopted the rule that the defendants propose, I predict that it is likely to do so where the plaintiff does not seek punitive damages and there is no other reason to allow the claims to proceed. It is undisputed that the Bracaglias have not sought punitive damages. ECF Nos. 1-1 at 11; 31 at 24; 32 at 5. In view of the complaint as it presently stands, the negligent hiring and negligent entrustment claims are redundant and impermissible because the Bracaglias have failed to explain how these claims could result in additional or distinct damages for the same injuries underlying claims 1, 2, and 4.

## I. LEGAL STANDARD

Summary judgment is appropriate if the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a

genuine dispute of material fact that could satisfy its burden at trial.”). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

**II. Claims 3 and 5 are redundant because the Bracaglias have not sought punitive damages.**

Quick Transfer admits that Singh was acting within the course and scope of his employment when the accident occurred. Many jurisdictions, including California, have adopted the majority approach “that once an employer has admitted *respondeat superior* liability for a driver’s negligence, it is improper to allow a plaintiff to proceed against the employer on any other theory of imputed liability.” *McHaffie v. Bunch*, 891 S.W.2d 822, 826 (Mo. 1995); *see Diaz v. Carcamo*, 253 P.3d 535, 543–44 (Cal. 2011). This majority approach recognizes that “[o]nce vicarious liability for negligence is admitted under *respondeat superior,* the [employer] to whom negligence is imputed becomes strictly liable to the third party for damages attributable to the conduct of the [employee] from whom negligence is imputed.” *McHaffie*, 891 S.W.2d at 826. Thus, “the evidence laboriously submitted to establish other theories [of imputed liability] serves no real purpose,” as the plaintiff is unable to recover any additional damages. *Id.*; *Terrell v. Cent. Washington Asphalt, Inc.*, 168 F. Supp. 3d 1302, 1313 (D. Nev. 2016). The majority approach further observes that “potentially inflammatory evidence [may] com[e] into the record which is irrelevant to any contested issue in the case.” *McHaffie*, 891 S.W.2d at 826; *see Terrell*, 168 F. Supp. 3d at 1313. The majority approach is subject to exceptions, such as when “an employer or entrustor may be held liable on a theory of negligence that does not derive from and is not dependent on the negligence of an entrustee or employee,” when the “employer or an entrustor may be liable for punitive damages which would not be assessed against the

employee/entrustee," or potentially "in a contribution action between an employer and employee, [where] the relative fault of those two parties may be relevant." *McHaffie*, 891 S.W.2d at 826.

The Supreme Court of Nevada has not addressed this issue. I therefore "must predict how the state's highest court would decide the question. In doing so, [I] take state law as it exists without speculating as to future changes in the law." *Orkin v. Taylor*, 487 F.3d 734, 741 (9th Cir. 2007). I may use "intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 724 F.3d 1268, 1278 (9th Cir. 2013) (quotation omitted). For the following reasons, I predict that the Supreme Court of Nevada would hold that the negligent hiring and entrustment claims are redundant of vicarious liability where, as here, punitive damages are not sought and no other consideration counsels in favor of allowing the claims to proceed.

Although the Supreme Court of Nevada has not directly addressed this issue, its expressed policy interests align with application of the majority rule in the present circumstances. In *Elyousef v. O'Reilly & Ferrario, LLC*, the Supreme Court of Nevada adopted the so-called "double recovery doctrine," holding "that a plaintiff can recover only once for a single injury even if the plaintiff asserts multiple legal theories." 245 P.3d 547, 549 (Nev. 2010). The court adopted this rule in circumstances where a plaintiff had already been made whole through a judgment and satisfaction of the recoverable damages. *See id.* at 549; *see Powell v. Tico Constr. Co., Inc.*, No. 85008-COA, 539 P.3d 705, 2023 WL 8251382, at *3–4 (Nev. App. 2023).

Here, no judgment has been entered. Nonetheless, the Bracaglias have failed to explain how the negligent hiring and entrustment claims could lead to any difference in damages

following Quick Transfer's admission that Singh was acting in the scope of his employment, given that the same personal and property injuries underly both these claims and vicarious liability. Moreover, the Supreme Court of Nevada often has "looked to the law of other jurisdictions, particularly California, for guidance" when its own law is silent. *Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP*, 583 F.3d 1232, 1237 (9th Cir. 2009) (quotation omitted); *see, e.g.*, *Commercial Standard Ins. Co. v. Tab Constr., Inc.*, 583 P.2d 449, 451 (Nev. 1978). And California has adopted the majority rule, concluding that "an employer's admission of vicarious liability for its employee's negligence makes claims of negligent entrustment, hiring, or retention irrelevant." *Diaz*, 253 P.3d at 542.

I have previously predicted that the Supreme Court of Nevada would not apply the majority rule when punitive damages are at stake. *Terrell*, 168 F. Supp. 3d at 1313. I made that prediction because the employer may be punished separately for its own conduct regardless of whether it is also vicariously liable for its employee's negligence. *Id.* Additionally, Nevada law requires a plaintiff to establish punitive damages by clear and convincing evidence rather than by a preponderance, which applies to compensatory damages. *Wright v. Watkins & Shepard Trucking, Inc.*, 968 F. Supp. 2d 1092, 1094–97 (D. Nev. 2013). Thus, "vicarious liability for punitive damages is not automatic." *Terrell*, 168 F. Supp. 3d at 1313; *see Wright*, 968 F. Supp. 2d at 1097 (explaining that the negligence hiring and supervision claim could "impose liability beyond" the vicarious liability claim in consideration of the request for punitive damages (emphasis omitted)); *Cruz v. Durbin*, No. 2:11-cv-00342-RCJ-LRL, 2011 WL 1792765, at *4 (D. Nev. May 11, 2011) (acknowledging the same). But the Bracaglias are not seeking punitive damages. ECF Nos. 1-1 at 11; 31 at 24; 32 at 5. They have not alleged in their complaint nor argued in their summary judgment response that the potential damages award would be

materially impacted if the negligent hiring and negligent entrustment claims were dismissed. Nor have they argued that other factors make the claims nonredundant. I predict that the Supreme Court of Nevada would apply the majority rule in this case.

## III. CONCLUSION

**I THEREFORE ORDER** that the defendants' motion for partial summary judgment **(ECF No. 29) is GRANTED** as to claims 3 and 5 of the complaint.

DATED this 21st day of September, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE